IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CLYDE MOFFETT, AIS # 107666,     :

     Plaintiff,     :

vs.     :     CIVIL ACTION 05-0122-CG-C

VADER AL PENNINGTON,     :

     Defendant.     :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*,
commenced this action by filing a complaint under 42 U.S.C. § 1983.  This action has been
referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and
Local Rule 72.2(c)(4).  It is recommended this action be dismissed with prejudice as
frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  Complaint (Doc. 4).**[1]

Plaintiff alleges that on June 6, 2003, defendant Pennington, plaintiff's appellate
counsel, filed a brief for him appealing his criminal conviction to the Alabama Court of
Criminal Appeals.  Subsequently, on August 17, 2004, plaintiff sent a letter to The
Disciplinary Commission of the Alabama State Bar requesting the defendant be instructed

---

[1]The Court-ordered, superseding, amended complaint, which is filed on the current complaint
form (Doc. 4), is essentially the same complaint that plaintiff filed as his original complaint (Doc. 1),
which was filed on an outdated form.

to send him a copy of his trial transcript.  In turn, The Disciplinary Commission sent a letter to defendant requesting that he forward to plaintiff the trial transcript if plaintiff was entitled to it.  (Doc. 4, Ex. A - Commission's letter)  Defendant sent plaintiff a letter enclosing a copy of the documents that he possessed and advising plaintiff that he had sent the transcript and a set of the enclosed documents after he had received a letter from plaintiff in April.  (Doc. 4, Ex. B - Defendant's letter)  Defendant suggested that plaintiff check with the warden or the Alabama Department of Corrections concerning the whereabouts of the transcript or obtain a copy of the transcript from the Circuit Clerk in Mobile or the Court of Criminal Appeals.

Plaintiff claims defendant has denied him access to the courts.  That is, plaintiff asserts that without his trial transcript he will not be able to raise a valid claim in a Rule 32 proceeding.  For relief, plaintiff requests a declaratory judgment, damages, and a copy of his transcript.

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(i), a claim may be

_____

[2]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim

is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at

327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*,

or there is an affirmative defense that would defeat the claim, such as the statute of

limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir.

1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based

on indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.  Moreover, a complaint may

be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which

relief may be granted "only if it is clear that no relief could be granted under any set of

facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*,

467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*,

355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v. Farcass,* 112

F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the

language of Fed.R.Civ.P. 12(b)(6)).

## III.  **Discussion.**

Plaintiff has identified his action as arising under 42 U.S.C. § 1983 (Doc. 4).  In

order to state a claim under § 1983, a plaintiff must establish:  "(1) . . . the conduct

complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). However, in a § 1983 action, criminal defense counsel, retained or court-appointed, does not act under color of state law in the absence of a conspiracy. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (public defender); *Slavin v. Curry*, 574 F.2d 1256, 1264 (5th Cir.) (retained counsel), *overruled on other grounds by Sparks v. Duval County Ranch Co.,* 604 F.2d 976, 978 (5th Cir. 1979).[3]

In *Polk County*, a public defender, who was paid by the State, was sued under § 1983 by his former client, an indigent criminal defendant. The Supreme Court reasoned that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client." *Id.* at 318, 102 S.Ct. at 449. The *Polk County* Court concluded that "[t]his [relationship] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." *Id.* at 319, 102 S.Ct. at 450 (footnote omitted). The Court

---

[3]The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

determined that court-appointed, criminal defense counsel carried out the traditional

functions of a lawyer representing a criminal defendant and therefore did not act under color

of state law.  *Id.* at 325, 102 S.Ct. at 453.  Thus, the Court ruled that the § 1983 complaint

must be dismissed against the public defender for lack of state action.  *Id.*

In the present action, no allegations are present showing that the defendant acts

under color of state law.  Nor is this a defendant who typically acts under color of state law.

Therefore, this action is due to be dismissed.  Because the action is due to dismissed for

lack of state action, the Court is foregoing a discussion of a claim for denial of access to the

courts by defendant.

**IV.  <u>Conclusion</u>.**

Based upon the foregoing reasons, it is recommended this action be dismissed with

prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The attached sheet contains important information regarding objections to the Report

and Recommendation.

**DONE** this 4th day of August, 2005.

<u>s/WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.     ***Objection***.  Any party who objects to this recommendation, or anything in it, must,

within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE